UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XIANG LI,

                                        Plaintiff,

                    v.                                                    5:10-CV-0802
                                                                          (LEK/GHL)
JOHN DUNCAN, CRAIG BENEDICT, and
UNITED STATES ATTORNEY'S OFFICE,[1]

                                        Defendants.
_____

APPEARANCES

XIANG LI, 09450-068
Plaintiff, *pro se*
Northeast Ohio Correction Center
2240 Hubbard Road
Youngstown, OH 44505

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

        Presently before the Court is a *pro se* complaint and a renewed application to proceed *in forma pauperis* filed by Plaintiff Xiang Li.[2]  Dkt. Nos. 1, 13.  Plaintiff asserts that the complaint is brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and New York state laws regarding defamation, slander, libel, intentional infliction of emotional distress, and prima facie tort.  Dkt. No. 1.  For the reasons that follow, I recommend that the complaint be dismissed with prejudice and the application be denied as moot.

_____

        [1]  In the complaint, Plaintiff identifies the United States Attorney's Office as the "United States District Attorney Office."  Dkt. No. 1.  It is clear that Plaintiff is referring to the United States Attorney's Office.  The docket already reflects this correction.

        [2]  Plaintiff has filed numerous *pro se* actions in this District.  *See Li v. Morrisville State College, et al.*, 5:07-CV-1302 (LEK-GHL) (appeal pending); *Li v. Iredell*, 5:10-CV-00799 (LEK -GHL) (pending); *Li v. Shelhamer, et al.*, 5:10-CV-0801 (LEK-GHL) (pending); *Li v. Rogers, et al.*, 5:10-CV-0803 (LEK-GHL) (pending); *Li v. Weinstock, et al.*, 5:10-CV-0804 (LEK-GHL) (pending); *Li v. The Post Standard, et al.*, 5:10-CV-0805 (LEK-GHL) (pending).

## I.      The Complaint

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, the court has a responsibility to determine whether a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*.  *See id.*  The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond.  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

By way of background, Plaintiff was arrested for threatening faculty members at Morrisville State College, and after a jury trial was convicted of eleven counts of transmitting death threats in violation of 18 U.S.C. § 875.  *See U.S. v. Li*, Case No. 5:07-CR-0272 (Dkt. No. 109) (sentencing Li to 114 months of imprisonment, restitution, and supervised release).  Plaintiff was prosecuted by Executive Assistant United States Attorney ("EAUSA") John Duncan and Assistant United States Attorney ("AUSA") Craig Benedict.  *Id.*  Plaintiff's conviction was affirmed.  *U.S. v. Li*, 381 Fed. Appx. 38 (2d Cir. 2010).  Plaintiff filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255.  Case No. 5:07-CR-0272 (Dkt. No. 131).  The motion is pending.

In the present complaint, Plaintiff asserts that he is suing EAUSA Duncan and AUSA Benedict pursuant to the *Bivens* doctrine and under New York state laws regarding defamation, slander, libel, intentional infliction of emotional distress, and prima facie tort.  Dkt. No. 1.  Plaintiff also is suing the

U.S. Attorney's Office, alleging negligent hiring, negligent retention, and negligent supervision. *Id.* The claims will be examined in turn.

> **A.      EAUSA Duncan and AUSA Benedict**

>> **1.      Alleged *Bivens* claim**

Plaintiff asserts that he is suing EAUSA Duncan and AUSA Benedict under the *Bivens* doctrine. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-67 (2001) (discussing the origin of *Bivens* claims). *Bivens* actions, although not precisely parallel, are the federal analog to section 1983 actions against state actors. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987). "[T]here is a 'general trend in the appellate courts to incorporate § 1983 law into *Bivens* suits.'" *Id.* (quoting *Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981)). The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities. *Higazy v. Templeton*, 505 F.3d 161, 169 (citing *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998)). Therefore, Plaintiff's claims for money damages against EAUSA Duncan and AUSA Benedict in their official capacities should be dismissed. Thus, Plaintiff's only remaining claims against EAUSA Duncan and AUSA Benedict are his *Bivens* claims against the defendants as individuals.

>> **a.      EAUSA Duncan**

A prosecutor acting within the scope of his duties in initiating a prosecution and in presenting the state's case is absolutely immune from civil damages liability under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity law applies to *Bivens* actions as well as actions under § 1983. *See Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987); *Brawer v. Horowitz*, 535 F.2d

830, 834 (3d Cir. 1976).

First, Plaintiff alleges that "[d]uring the course of Plaintiff's trial," EAUSA Duncan made slanderous and/or false statements "in front of the jury."  Dkt. No. 1 at 1-2.  However, it is firmly established that a prosecutor cannot be sued under § 1983 on the basis of statements made in court during criminal proceedings against a defendant.  *Mosley v. McIntosh*, No. 08 Civ. 9635, 2009 WL 1542546, at *3 (S.D.N.Y. May 29, 2009) (holding that plaintiff could not sue prosecutor on basis of alleged in-court misstatements about plaintiff's medical history) (citing *Kalina v. Fletcher*, 522 U.S. 118, 124-25 (1997) (explaining that at common law, which informs the scope of prosecutorial immunity under § 1983, prosecutors could not be sued for "defamation based on statements made during trial"); *Burns v. Reed*, 500 U.S. 478, 479 (1991) (same)); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149-50 (2d Cir. 1995) (holding that absolute immunity covered claims that a district attorney made "misrepresentations to a grand jury").  Therefore, EAUSA Duncan should be held absolutely immune from this claim.

Second, Plaintiff alleges that EAUSA Duncan knowingly presented false testimony.  Dkt. No. 1 at 1-2.  However, absolute prosecutorial immunity protects against the alleged use of false evidence.  *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutor who allegedly coerced witnesses to commit perjury at trial was absolutely immune).  Therefore, EAUSA Duncan should be held absolutely immune from this claim.

Third, Plaintiff alleges that EAUSA Duncan failed to respond to Plaintiff's request to "verif[y]" e-mail messages.  Dkt. No. 1 at 2.  However, prosecutors are entitled to absolute immunity when they engage in activities "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430, and done "in the course of [their] role as ... advocate[s] for the State."  *Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 273 (1993). The "decision of whether to turn over certain evidence to the defense . . . is one undertaken in the judicial phase of the criminal process." *Saar v. U.S. Dep't of Justice*, 705 F. Supp. 999, 1004 (S.D.N.Y. 1989) (citation omitted). Therefore, EAUSA Duncan should be held absolutely immune from this claim.

Fourth, Plaintiff appears to allege that EAUSA Duncan wrongfully prosecuted Plaintiff. Dkt. No. 1. However, a prosecutor has absolute immunity in connection with the decision whether to commence prosecution. *Hill*, 45 F.3d at 661 ("[I]t has long been settled that prosecutors are entitled to immunity from § 1983 liability for initiating a prosecution."); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) ("prosecutor thus has absolute immunity in connection with the decision whether or not to commence a prosecution") (citing, *inter alia*, *Imbler*, 424 U.S. at 431 (absolute immunity for "initiating a prosecution")). Therefore, EAUSA Duncan should be held absolutely immune from this allegation.

### b.   AUSA Benedict

Plaintiff appears to allege that AUSA Benedict wrongfully signed the indictment because the indictment contained a "libelous and false statement" regarding the quality of Plaintiff's teaching and the appropriateness of Plaintiff's conduct. Dkt. No. 1. However, prosecutors are protected by absolute immunity for their professional evaluation of the evidence and subsequent decision to indict a defendant on various charges. *See Buckley v. Fitzsimmons*, 509 U.S. at 274 n. 5 (acknowledging that absolute immunity shields "a prosecutor's decision to bring an indictment, whether he has probable cause or not"); *Kalina v. Fletcher*, 522 U.S. 118, 128-30 (1997) (finding that the defendant prosecutor's "determination that the evidence was sufficiently strong to justify a probable-cause finding[ ][and] her decision to file charges" "involved the exercise of professional judgment" and were protected by

absolute immunity); *Williams v. City of New York*, No. 06-CV-6601, 2009 WL 3254465, at *10

(E.D.N.Y. Oct. 9, 2009) ("[E]valuating evidence and deciding whether to initiate a prosecution are

exactly the sort of actions for which absolute immunity shields prosecutors from liability.").  Therefore,

AUSA Benedict should be held absolutely immune from the claim that he wrongfully indicted Plaintiff.

      Plaintiff also appears to allege that AUSA Benedict wrongfully prosecuted Plaintiff.  However,

as noted, a prosecutor has absolute immunity in connection with the decision whether to commence

prosecution.  *Hill*, 45 F.3d at 661 ("[I]t has long been settled that prosecutors are entitled to immunity

from § 1983 liability for initiating a prosecution."); *Ying Jing Gan v. City of New York*, 996 F.2d 522,

530 (2d Cir. 1993) ("prosecutor thus has absolute immunity in connection with the decision whether or

not to commence a prosecution") (citing, *inter alia*, *Imbler*, 424 U.S. at 431 (absolute immunity for

"initiating a prosecution")).  Therefore, AUSA Benedict should be held absolutely immune from this

allegation.

### 2.    Alleged State Law Claims

      To the extent that Plaintiff is attempting to assert state law claims of defamation, slander, libel,

intentional infliction of emotional distress, and prima facie tort against EAUSA Duncan and AUSA

Benedict, I recommend that these claims also be dismissed.  "In the absence of original federal

jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the

court's discretion."  *Butler v. LaBarge*, No. 9:09-cv-1106 (GLS/DRH), 2010 WL 3907258, at *3

(N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d

Cir. 2006)).  When all federal claims have been eliminated before trial, the balance of factors in

deciding whether to exercise jurisdiction over remaining state law claims leans toward dismissal.  *Id.*

However, a court may choose to exercise jurisdiction if a state law claim raises an important question of

federal policy.  *Butler*, 2010 WL 3907258, at *3 (citing *Kolari*, 455 F.3d at 122-23).  Here, Plaintiff has failed to establish a federal claim or an important issue of federal policy.  Thus, in light of my recommendation that the Court dismiss Plaintiff's alleged *Bivens* claims, I recommend that the Court decline to exercise pendant jurisdiction over Plaintiff's alleged state law claims.

### B.     U.S. Attorney's Office

Plaintiff asserts that the U.S. Attorney's Office "is being held responsible for negligent hiring, negligent retention, [and] negligent supervision for John Duncan and Craig Benedict's outrageous and extreme conduct[]."  Dkt. No. 1 at 4.  Under *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), a determination of whether a plaintiff has pled a claim that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  In this case, common sense suggests that Plaintiff is simply restyling his claims against EAUSA Duncan and AUSA Benedict as negligent hiring, negligent retention, and negligent supervision claims.  Plaintiff's claim is entirely conclusory.  Moreover, Plaintiff fails to assert the legal basis for this claim.

In any event, to the extent that this claim is brought as a *Bivens* action alleging constitutional torts, as noted, the doctrine of sovereign immunity prevents this Court from obtaining jurisdiction over *Bivens* actions for money damages against government agencies.  *See Keene Corp. v. United States*, 700 F.2d 836, 845 n.13 (2d Cir. 1983); *Contemporary Mission Inc. v. U.S. Postal Service*, 648 F.2d 97, 104 (2d Cir. 1981); *Davidson v. C.I.R.*, 589 F. Supp. 158, 162 (S.D.N.Y. 1984).  Therefore, to the extent that Plaintiff is attempting to assert a *Bivens* claim against the United States Attorney's Office, this claim should be dismissed.

To the extent that Plaintiff is asserting a claim under the Federal Tort Claims Act (FTCA"), first, I note that the proper defendant would be the United States because "only the United States may

be held liable for torts committed by a federal agency, and not the agency itself." *C.P. Chemical Co., Inc. v. U.S.*, 810 F.2d 34, 37 n. 1 (2d Cir. 1987) (citing 28 U.S.C. § 2679(a)).  Therefore, the United States would be the proper defendant.

In any event, any such claim should be barred by the discretionary function exception of the FTCA.  The FTCA's waiver of immunity does not extend to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  Personnel decisions of the United States generally fall within the discretionary function exception to the FTCA.  *See Saint-Guillen v. U.S.*, 657 F. Supp. 2d 376, 386-87 (E.D.N.Y. 2009) (citing *Li v. Aponte*, 05 CV 6237, 2008 WL 4308127, at *8 (S.D.N.Y. Sept. 16, 2008) (citations omitted) (holding that plaintiff's common law claims against the United States for negligent hiring, training and supervision were barred by the "discretionary function" exception of the FTCA) (collecting decisions from the First, Second, Fourth, Eighth, and Ninth Circuits holding same)).

Moreover, I note that Plaintiff's complaint does not allege any facts suggesting that the United States' hiring, retention, or supervision practices fall outside of the exception.  In fact, only one sentence of the entire complaint addresses this claim, and it alleges, in its entirety: "[T]he United States [] Attorney['s] Office in Syracuse is being held responsible for negligent hiring, negligent retention, [and] negligent supervision for John Duncan and Craig Benedict's outrageous and extreme conduct[]."

In light of the foregoing, I recommend that this claim be dismissed with prejudice.  *See Saint-Guillen v. U.S.*, 657 F. Supp. 2d at 386-87 (dismissing negligent hiring, retention, training, and supervision claims in light of the plaintiffs' pleading insufficiency and the general presumption that personnel decisions fall within the exception); *See Diaz-Bernal v. Myers*, --- F. Supp. 2d ----, 2010 WL

5211494, at *1 (D. Conn. Dec. 16, 2010) (dismissing the plaintiffs' claim of negligent hiring because plaintiffs alleged no facts).

The Court notes that generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her complaint once before the complaint is dismissed. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, such leave is not required where any amended complaint would be futile due to the substantive nature of the fatal flaws in the original complaint.[3] Here, the flaws in Plaintiff's complaint are substantive in nature such that better pleading would not cure them. As a result, it would be futile to afford Plaintiff an opportunity to amend his complaint. Accordingly, the Court recommends that no opportunity to amend the complaint be provided to Plaintiff.

## II.   Renewed application to proceed *in forma pauperis*

Plaintiff filed a renewed application to proceed *in forma pauperis*. Dkt. No. 13. In light of the Court's recommendations that the complaint be dismissed with prejudice and that no opportunity to amend the complaint be provided to Plaintiff, the Court recommends that the application be denied as moot. *See* 28 U.S.C. § 1915(e) (establishing the court's responsibility to determine that a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the complaint be **DISMISSED with prejudice**; and it is further

---

[3]  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted), *cert. denied*, 503 U.S. 960 (1992).

**RECOMMENDED**, that no opportunity to amend the complaint be provided to Plaintiff; and it is further

**RECOMMENDED**, that the *in forma pauperis* application (Dkt. No. 2) be DENIED as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular and certified mail, and copies of the electronically-available-only decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: April 18, 2011
       Syracuse, New York

George H. Lowe
United States Magistrate Judge