UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

XIANG LI,

                          Plaintiff,

      -against-                                  5:10-CV-0802 (LEK/GHL)

JOHN DUNCAN; CRAIG BENEDICT;
UNITED STATES ATTORNEY'S
OFFICE,

                          Defendants.

## MEMORANDUM-DECISION AND ORDER

      This matter comes before the Court following a Report-Recommendation filed on April 18, 2011, by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 14). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Xiang Li ("Plaintiff"), which were filed on May 13, 2011. Objections (Dkt. No. 17).

      The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))

(citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff argues that the Report-Recommendation is incorrect for three reasons. First, he claims that Defendant Duncan does not have absolute immunity for his statements to the press following Plaintiff's conviction at trial. Pl.'s Obj. at 1. Second, he contends that Defendant Benedict does not have absolute immunity because his statements in Plaintiff's indictment about Plaintiff's teaching and Plaintiff's conduct are only "remotely connected" to the crimes of which Plaintiff was convicted. Id. Finally, Plaintiff argues that the Magistrate Judge erred in recommending dismissal of his Complaint (Dkt. No. 1) with prejudice. Id. at 2.

In his Complaint, Plaintiff points to two statements that Defendant Duncan made and were printed in the Syracuse Post Standard following Plaintiff's conviction on eleven counts of sending interstate messages threatening to injure or kill. Compl. at 2; see also Glenn Coin, *Ex-Professor Guilty of Threats*, SYRACUSE POST STANDARD, May 20, 2008, available at http://www.syracuse.com/poststandard/stories/index.ssf?/base/news-10/1211273927290370.xml&coll=1. Specifically, the article quotes Defendant Duncan as saying that he was "pleased with the verdict" and that "we essentially achieved what we sought to do at the outset: to end the reign of terror this defendant had inflicted upon the faculty at Morrisville." Compl. at 2 (quoting Coin, *supra*). Plaintiff states in his Objections that these statements are not protected by absolute immunity. Pl.'s Obj. at 1.

While the Magistrate Judge did not address Defendant Duncan's statements to the press in particular, the Court agrees with Plaintiff that absolute immunity does not apply to comments that

2

prosecutors make to the media. Buckley v. Fitzsimmons, 509 U.S. 259, 276-78 (1993). However, these statements are shielded by qualified immunity, id. at 278, which applies where a plaintiff fails to show that an official's actions denied him a constitutionally protected right. Smith v. Garretto, 147 F.3d 91, 94 (2d Cir. 1998); see also Pinaud v. Cty. of Suffolk, 52 F.3d 1139, 1148 n.4 (2d Cir. 1995) (noting that "when a defendant asserts a defense of *qualified* immunity, a court . . . should begin by considering whether the complaint sufficiently asserts such a violation") (emphasis in original) (citing Siegert v. Gilley, 500 U.S. 226, 231-33 (1991)).

Here, Plaintiff cannot show that Defendant Duncan's statements violated any of his constitutional rights. Defendant Duncan made these statements after Plaintiff had already been convicted by a jury of his fellow citizens for the crimes with which he was charged. Nowhere in his Complaint has Plaintiff alleged that Defendant Duncan made statements before or during the trial that would have prejudiced Plaintiff's right to a fair trial; nor does the Complaint contain any allegation that Defendant Duncan otherwise "labored to create a public impression" that Plaintiff was guilty of these felonies prior to his conviction. Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 446 (2d Cir. 1980). As expressions of satisfaction with the prosecution's success at trial, Defendant Duncan's statements constituted a normal and appropriate response to the jury's verdict finding Plaintiff guilty of the crimes with which he had been charged, and were not "extraneous statements to the press designed to harm [Plaintiff's] reputation." Taylor v. Kavanagh, 640 F.2d 450, 452 (2d Cir. 1981); see also Quinn, 613 F.2d at 446 (finding qualified immunity shielded prosecutor's announcement of plaintiff's arrest to the press). Accordingly, the Court concludes that Plaintiff has failed to state a claim against Defendant Duncan on the basis of the statements printed in the Post Standard.

The Court also reviews *de novo* and rejects Plaintiff's argument that Defendant Benedict's statements about Plaintiff's teaching and conduct at Morrisville State College are too "remotely connected" to Plaintiff's crime to warrant protection by absolute immunity.  Plaintiff claims that Defendant Benedict's indictment contains a "libelous and false statement regarding Plaintiff," i.e., that Plaintiff's employment at Morrisville State College was terminated "due to the poor quality of his teaching and inappropriate conduct."  Compl. at 1-2; see also Glenn Coin, *Former Morrisville Professor Convicted,* SYRACUSE POST-STANDARD, May 19, 2008, available at http://www.syracuse.com/news/index.ssf/2008/05/jury_out_on_former_morrisville.html.  Absolute immunity "extends to the prosecutor's seeking an indictment, because exposing him to liability for the initial phase of his prosecutorial work could interfere with his exercise of independent judgment at every phase of the case."  Robison v. Via, 821 F.2d 913, 918 (2d Cir. 1987).  The Court therefore concludes that Defendant Benedict cannot be held liable for statements in Plaintiff's indictment, and that dismissal of Plaintiff's claim against Defendant Benedict is warranted.

Finally, Plaintiff raises a general argument that the Report-Recommendation errs in recommending dismissal of his Complaint with prejudice, because of his *pro se* status and because the Report-Recommendation "does not city any authorities that a plaintiff must assert the legal basis for a claim."  Pl.'s Obj. at 2.  The Court considers this to be nothing more than a general objection to the Magistrate Judge's findings in the Report-Recommendation, and therefore reviews it only for clear error.  Farid, 554 F. Supp. 2d at 307.  Plaintiff is required to provide in his Complaint "a short and plain statement of the claim showing that [he] is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Having reviewed Plaintiff's Complaint, the Court can find no clear error in the Magistrate Judge's conclusion that "the flaws in Plaintiff's complaint are substantive in nature such that better pleading

4

would not cure them." Report-Rec. at 9.  As it would be futile to afford Plaintiff leave to file an amended complaint, then, the Court finds that dismissal with prejudice is warranted here.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that no opportunity to amend the Complaint is provided to Plaintiff; and it is further

**ORDERED**, that Plaintiff's Application to proceed *in forma pauperis* (Dkt. No. 13) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular and certified mail, and copies of the decisions that are available only electronically and cited herein.

**IT IS SO ORDERED.**

DATED:   June 16, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge